A. Byron Smith and Miriam W. Smith v. Commissioner.
Smith v. Commissioner
Docket No. 2624-67.
United States Tax Court
T.C. Memo 1970-245; 1970 Tax Ct. Memo LEXIS 107; 29 T.C.M. (CCH) 1075; T.C.M. (RIA) 70245; August 31, 1970, Filed A. Byron Smith, pro se, 314 Fourth St., N. W. Roanoke, Va. Robert E. Lee, for the respondent. HOYT
Memorandum Findings of Fact and Opinion HOYT, Judge: For the years 1963 and 1964 respondent has determined deficiencies in Federal income taxes and additions to tax under section 6653(a) [1] *108 as follows: Year
Tax
Sec. 6653(a)
1963
$9,149.89
$457.49
1964
5,806.85
290.34
A principal reason underlying this conclusion is that the fact of expenditure is not proof of business purpose. In view of that tenet we do not uphold in their entirety petitioners' claimed business deductions for 1078 gasoline and oil expenditures based in large part on a bundle of individual unmarked cash receipts for $.50, $1 and $2. The nominal amounts involved indicate that the gasoline was probably purchased for personal use in petitioners' automobile, not for delivering fuel in the Oil Company's delivery truck. At least we are not persuaded by the evidence that we should allow more than we have indicated in our findings. Likewise, we do not uphold petitioners' claimed deductions for truck repairs since the underlying receipts did not indicate for which vehicles the expenditures were made. Several of the receipts were made out to A. Byron Smith individually rather than to the company or a particular driver, as might be expected. Two *109 receipts did not indicate the payor. For similar reasons of inadequate substantiation as to the business nature of the expenditures we do not uphold petitioners' claimed deductions for shoes, legal and postage expenses, and for office supplies. In fact, some of the receipts for purported office supplies were actually for toys, television repairs, and Christmas cards. The records offered in support of utility expenses were also substantially inadequate. In connection with the bail bonding business, certain fines and forfeitures are in dispute as well as certain expenses relating to travel, legal fees, office supplies, and petitioners' automobile. Respondent concedes that $2,030.19 of the fines and forfeitures paid in 1963 were incurred. We deem sufficient the receipts totalling $166.50 which petitioners have produced to substantiate their expenditures for additional fines and forfeitures which are disputed. Unlike notations on petitioners' receipts for other expenditures such as fuel oil and purported truck repairs, the notations on these receipts which state the purpose of the expenditure were obviously contemporaneous to the execution of the receipt. We do not allow more than *110 respondent has permitted as to the other types of expenses. Petitioners' documentation of their traveling expenses to apprehend a "bail jumper" fell far short of the substantiation requirements of section 274(d). They claim that they were required to make good on a bond for Phillip Warren in the amount of $125 when he failed to appear in court and they traveled a great distance at an expense of $357 to locate and bring Warren back to Virginia. The only documentation submitted was a single undated sheet of paper with some penciled notations such as "12.00 - Road meals," and "$30.00 - 2 nites & Days." Other items are obscure, and the paper does not reflect when or where the expenditures were made. Furthermore, it seems unlikely that petitioners would expend more for travel to locate a "bail jumper" than the amount of the bail jumped. Neither the statutory nor regulatory requirements have been met to substantiate this alleged business travel expense. Section 1.274-5(c), Income Tax Regs.
Petitioners have not established that their legal expenses of $110 in 1963 and $151 in 1964 were connected with business. They appear more likely to be personal in nature or capital expenditures. Some *111 of the items offered to substantiate petitioners' deductions were deed recording receipts evidencing a transfer of title. The record fails to establish that these items were ordinary and necessary business expenses. As regards petitioners' claimed deductions for automobile expenses, including depreciation, petitioners have not furnished us a basis for making an allocation between business and personal use of the vehicle. We therefore have no alternative but to accept respondent's allocation, which we regard as generous on the record, 50 percent for business use. After examining the receipts for office supplies in the amount of $40.46, we conclude that a deduction of $30 is reasonable. Cohan v. Commissioner, supra. The two remaining items in dispute relate to the real estate rental business. The first involves various repair and maintenance expenses. Of the $510.98 deducted in 1963 and the $162.43 deducted in 1964, respondent has conceded $350 and $110 for the respective years. We think $500 and $150, respectively, should be allowed. The receipts were more satisfactory for substantiation purposes than most of the other receipts submitted in the instant case, and *112 when viewed in the light of the testimony of record support the larger amounts claimed and allowed. The other item in dispute relates to the amount of depreciation allowable in 1963 and 1964 on the rental buildings. Petitioners have not introduced evidence as to the 1079 useful lives of any improvements to the properties nor have they submitted acceptable evidence as to the proper allocation of their bases between the depreciable buildings and the nondepreciable land. We therefore uphold respondent's allowance of $605.11 in each of the years involved. Under section 6653(a) petitioners are liable for a 5 percent addition to tax if "any part of any underpayment * * * is due to negligence or intentional disregard of rules and regulations * * *." Petitioners have the burden of proof to show that respondent's determination on this issue is erroneous. David Courtney,, 28 T.C. 658 (1957). The petitioners have presented to the Court only a loose collection of checks, bills, cash register slips and receipts. Several of the adding machine tapes attached thereto were incorrectly totalled. Although deductions were claimed for the expense of purchasing ledgers, no such books *113 of account were produced or offered at trial. Moreover, some of the deductions claimed by petitioners were obviously not properly allowable, and appear clearly to be for personal expenses of petitioners which they seek to charge to the business operations. On the entire record before us, there is ample evidence of petitioners' negligence or intentional disregard of the regulations. We therefore uphold respondent's determination of additions under section 6653(a). Decision will be entered under Rule 50. Footnotes
1. All references herein to "section" are to the Internal Revenue Codeeof 1954. The two issues remaining for our decision are whether petitioners incurred certain ordinary and necessary business expenses and have adequately substantiated the same so as to be entitled to deductions, and whether petitioners were properly subject to the addition to tax pursuant to section 6653(a). Findings of Fact Some of the facts have been stipulated. The stipulation and exhibits attached thereto are hereby incorporated by this reference. By stipulation, during trial and on brief 1076 various concessions and adjustments have been made or agreed to which will be accorded recognition in the Rule 50 computation. A. Byron Smith ("Byron") and Miriam W. Smith, husband and wife, resided at Roanoke, Virginia, when they filed their petition herein. They filed joint Federal income tax returns for the years 1963 and 1964 with the district director of internal revenue, Richmond, Virginia. During the years 1963 and 1964, Byron was engaged in three separate business activities. He conducted a bail bond business, was a fuel oil jobber, and rented some apartment units. During the years in issue petitioners' only automobile was a 1962 Chrysler which they used for both business and personal purposes. During 1963 and 1964 the fuel oil company, known as A. Byron Smith Oil Co., Inc., hereinafter called Oil Company, had sales of $23,642 and $17,989.76, respectively. The company had elected taxable status as a subchapter S corporation. Its operating expenses included the following undisputed amounts which have been stipulated by the parties for the categories listed below, without prejudice to petitioners' right to prove additional business expenses: Item
1963
1964
Salaries & Wages
$2,814.51
$2,185.92
Taxes & Licenses
642.66
541.11
Depreciation - Truck
592.01
382.76
Repairs - Furnace & Electric Motors
360.96
Top Value Stamps
254.00
Uniform Rental
60.80
The bail bonding business, known as "A. Byron Smith Bonding & Real Estate," had gross receipts of $1,891.24 during 1963 and no gross receipts during 1964. The rental properties operated by petitioners produced gross income of $1,915 in 1963 and $1,479.50 in 1964. In his notice of deficiency the respondent made the following adjustments and determinations: *10 Taxable Year Ended December 31, 1963 *10 Adjustments to Income
Taxable income (loss) as disclosed by return
$ (399.26)
Unallowable deductions and addi- tional income:
(a) Income from fuel oil business
$23,566.37
(b) Rental expenses
510.98
(c) Depreciation on rent- al properties
954.89
(d) Bail bondsman's ex- penses
2,729.45
(e) Contributions
299.75
(f) Interest expense
1,222.46
(g) Taxes
443.42
(h) Other deductions 460.64
30,187.96
Total
$29,788.70
Nontaxable income and additional deductions:
(i) Standard deduction 1,000.00
Taxable income adjusted $28,788.70 *10 Taxable Year Ended December 31, 1964 *10 Adjustments to Income
Taxable income (loss) as disclosed by return
$ (350.57)
Unallowable deductions and addi- tional income:
(a) Income from fuel oil business
$18,734.33
(b) Rental property ex- penses
162.43
(c) Depreciation on rent- al properties
954.89
(d) Bail bondsman's ex- penses
414.76
(e) Automobile expenses
915.00
(f) Contributions
743.71
(g) Medical expense
379.32
(h) Interest expense
929.49
(i) Taxes
262.48
(j) Other deductions
288.42
23,784.83
Total
$23,434.26
Nontaxable income and additional deductions:
(k) Standard deduction 1,000.00
Taxable income adjusted $22,434.26 In connection with his bonding business, Byron incurred fines and forfeitures in the amount of $2,196.69 and expenses for office supplies in the amount of $10 during the taxable year 1963, and during 1964 he incurred fines and forfeitures in the amount of $139.06 and license expense in the amount of $58.75. During the taxable year 1963, Byron incurred automobile expenses in the amount of $400 and during the taxable year 1964, he incurred automobile expenses in the amount of $300 in connection with his three businesses. These expenses represent expenditures for gasoline, oil, tolls and repairs. Oil Company had cost of goods sold of $14,911.92 during the taxable year 1963 and of $12,424.92 during the taxable year 1964. During the taxable year 1963, Oil Company incurred the following expenses in the amounts indicated: 1077 Item
Amount
Freight expenses
$886.20
Gasoline and oil expenses
350.00
Truck repairs
150.00
Truck insurance
67.00
Utilities
500.00
Postage
60.00
Office and cleaning supplies
80.00
Uniform rental
20.80
Checking account charges
35.16
During the taxable year 1964, Oil Company incurred the following expenses in the amounts indicated: Item
Amount
Repairs and gasoline and oil for trucks
$500.00
License fee
20.00
Checking account charges
26.86
Postage
60.00
Utilities
360.00
Contract labor and oil burner re- pairs
171.75
Truck insurance
150.20
Work clothes
11.67
Employee bonuses
37.50
Legal
43.75
Office supplies
80.00
Respondent concedes that during the taxable years 1963 and 1964 Byron incurred expenses of $350 and $110, respectively, in connection with his real estate rental operation. Such expenses incurred were $500 for 1963 and $150 for 1964. Petitioners' rental properties are located at 1818 Center Avenue, Roanoke (acquired June 1959) and 110 Orange Avenue, Roanoke (acquired July 1959). When acquired each building had a 15-year useful life. Petitioners are entitled to depreciation on their rental properties in the amount of $605.11 for each of the taxable years 1963 and 1964. The parties have stipulated the following facts with respect to petitioners' automobile: Petitioners purchased their 1962 Chrysler for $3,000 in January of 1962. When purchased this automobile had a 5-year useful life and a salvage value of $430. During 1962 petitioners took an investment credit of $70 on the automobile. As of January 1, 1964, the car's basis for depreciation increased by $70. This Chrysler automobile was used by petitioners for business purposes 50 percent of the time. Petitioners are entitled to depreciation on their 1962 Chrysler in the amount of $250 for the taxable year 1963 and $261.67 for the taxable year 1964. For the taxable years 1963 and 1964, petitioners are entitled to nonbusiness deductions in the amounts of $2,459.42 and $2,492.27, respectively. Ultimate Findings of Fact Petitioners are not entitled to any deductions other than those reflected in the foregoing findings of fact. The underpayments by petitioners of income taxes for 1963 and 1964 were due to negligence or an intentional disregard of rules and regulations. Opinion The two issues to be decided are (1) whether petitioners have sufficiently established the ordinary and necessary business nature of and substantiated certain deductions claimed under section 162(a) and (2) whether petitioners were properly subject to the addition to tax pursuant to section 6653(a). The state of the record before us leaves much to be desired and can be attributed in large part to confusion and chaos in the books and records kept and presented by petitioners. We are unable to go outside that record and consider facts and explanations initially raised by petitioners in their brief but not founded on evidence in the record; nor can we ignore the fact that the burden of proof rests with petitioners. We have, however, wherever possible made allowances and permitted deductions to the extent that the record permits, bearing in mind that the inexactitude is of petitioners' making. Cohan v. Commissioner, 39 F. 2d 540, 544 (C.A. 2, 1930). With respect to their fuel oil business, petitioners are claiming deductions in varying amounts for seven categories of expenditures. We have concluded that petitioners were not entitled to deduct under section 162(a) SEC. 162. TRADE OR BUSINESS EXPENSES. (a) In General. - There shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including - * * *
[2]↩ more than the amounts allowed or conceded by respondent in each of these categories. Such amounts have been set forth in our findings of fact.